**DULY SERVED**

DATE 4/12/07

Kevin C. Larkin, Sheriff

BY _____
  Special Deputy

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By: Alan C. Milstein
By: John M. Hanamirian
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: 856-662-0700
Facsimile: 856-488-4744
  - and -
MEREDITH, COHEN, GREENFOGEL & SKIRNICK, P.C.
By: Daniel B. Allanoff
Architects Building
22nd Floor
17th and Sansom Streets
Philadelphia, PA 19103
Telephone: 212-240-0020
Facsimile: 215-569-0958
*Attorneys for the Plaintiff, and the Class*

| | |
|---|---|
| JUDY McGURIMAN, individually and on behalf of all others similarly situated, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION CAMDEN COUNTY |
| Plaintiffs, | DOCKET NO.: L-001548-07 |
| v. | |
| MENU FOODS LIMITED, t/a MENU FOODS, a Canadian business entity, and MENU FOODS, INC., t/a MENU FOODS, a New Jersey corporation, | SUMMONS |
| Defendants. | |

From the State of New Jersey
To the Defendant(s) named above:   MENU FOODS, INC.,
  t/a MENU FOODS, a New Jersey corporation
  Registered Agent
  Corporation Trust Company
  820 Bear Tavern Road
  West Trenton, NJ 08628

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute

Dockets.Justia.com

this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days from the date you received this Summons, not counting the date you received it. Clerk, Superior Court of New Jersey, 101 South Fifth Street, Suite 150, Camden, NJ 08103.

If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within thirty-five (35) days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling (See attached list) of the Lawyer Referral Services.

Dated:     **March 30, 2007**

**Donald F. Phelan,**
**Superior Court Clerk**


Name of Defendant to be served:     MENU FOODS, INC,
Address of Defendant to be served:   t/a MENU FOODS, a New Jersey corporation
                                     Registered Agent
                                     Corporation Trust Company
                                     820 Bear Tavern Road
                                     West Trenton, NJ 08628

$135.00 for Chancery Division cases or
$135.00 for Law Division cases

*mc Guriman, Judy*

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/12/2007
Log Number 512126083

TO:  Mark Wiens
Menu Foods, Inc.
8 Falconer Drive
Streetsville, ON, L5N1B1

RE:  **Process Served in New Jersey**

FOR:  Menu Foods, Inc. (Domestic State: NJ)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Judy McGuriman, individually and on behalf of all others similarly situated, Pltf. vs. Menu Foods Limited, etc., and Menu Foods, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Notice, Case Information Statement, Complaint (2) |
| **COURT/AGENCY:** | Camden County, Superior Court of New Jersey, Law Division, Camden, NJ Case # L-001548-07 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Pet Food contamination resulting in injuries to Pltfs. dog. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/12/2007 at 10:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days, exclusive of date of service |
| **ATTORNEY(S) / SENDER(S):** | Alan C. Milstein<br>Sherman, Silverstein, Kohl & Podolsky, P.A.<br>4300 Haddonfield Road<br>Suite 311<br>Pennsauken, NJ, 08109<br>856-662-0700 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex International Economy, 790715039102 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Trust Company<br>Tyeasha Weaver<br>820 Bear Tavern Road<br>3rd Floor<br>West Trenton, NJ, 08628 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of 1 / MP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By: Alan C. Milstein
By: John M. Hanamirian
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: 856-662-0700
Facsimile: 856-488-4744
     - and -
MEREDITH, COHEN, GREENFOGEL & SKIRNICK, P.C.
By: Daniel B. Allanoff
Architects Building
22nd Floor
17th and Sansom Streets
Philadelphia, PA 19103
Telephone: 212-240-0020
Facsimile: 215-569-0958
*Attorneys for the Plaintiff, and the Class*

MAR 2 6 2007

| | |
|---|---|
| JUDY McGURIMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MENU FOODS LIMITED, t/a MENU FOODS, a Canadian business entity, and MENU FOODS, INC., t/a MENU FOODS, a New Jersey corporation,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.: L-001548-07 |

## FIRST AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Judy McGuriman, individually and on behalf of all others similarly situated, by and through her chosen attorney, Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of First Amended Class Action Complaint and Jury Trial Demand against defendants Menu Foods Limited, t/a Menu Foods and Menu Foods, Inc., t/a Menu Foods (collectively, "Menu Foods"), hereby says, states, and avers as follows:

## THE PARTIES

1.     Ms. McGuriman is an individual with a residence address at 616 Wimbledon Lane, Hatfield, PA 19440.

2.     The remaining class members are numerous dog and cat owners with residence addresses throughout the United States of America.

3.     Menu Foods Limited, t/a Menu Foods is a Canadian business entity with a principal place of business in Canada at 8 Falconer Drive, Streetsville, Ontario L5N 1B1 and a principal place of business in North America at 9130 Griffith Morgan Lane, Pennsauken, NJ 08110-3211.

4.     Menu Foods, Inc., t/a Menu Foods is a New Jersey corporation with a principal place of business at 9130 Griffith Morgan Lane, Pennsauken, NJ 08110-3211.

5.     On information and belief, Menu Foods, Inc. is a wholly owned subsidiary of Menu Foods.

6.     Its registered agent for service of process is Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

7.     Most of the products manufactured by Menu Foods that are destined for the United States market are manufactured at its Pennsauken location.

8.     Some products are also manufactured at Menu Foods' Emporia, Kansas and North Sioux City, South Dakota locations.

## VENUE

9.     Venue is proper in Camden County because the cause of action pled herein arose in Camden County, and Menu Foods is a resident of Camden County, among other reasons. <u>See</u> <u>R.</u> 4:3-2.

2

## ALLEGATIONS COMMON TO ALL COUNTS

### I.

10. Very recently, Menu Foods took down the majority of the content on its Internet web site, including content regarding its locations and the value of the "Menu Foods Income Fund," the investment fund that holds a controlling interest in Menu Foods.

11. Nevertheless, through the use of the "Internet Wayback Machine," located at http://www.archive.org, important information regarding Menu Foods has been located.

12. According to Menu Foods' archived web site, it is "the leading North American private-label/contract manufacturer of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers and other retail and wholesale outlets" and further claims that it "currently produces more than one billion containers per year."

13. Also according to Menu Foods' archived web site, Menu Foods' management has enacted a "Code of Ethical Conduct," providing, among other things, that "We are committed to full and honest communications with our customers about Menu's products and services."

14. As Menu Foods' current web site reveals, it presently manufacturers cat food products for a great number of private labels (Americas Choice, Preferred Pets, Authority, Best Choice, Companion, Compliments, Demoulas Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Foodtown, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, Presidents Choice, Price Chopper, Priority US, Save-A-Lot, Schnucks, Science Diet Feline Savory Cuts, Sophistacat, Special Kitty Canada, Special Kitty US, Springfield Prize, Sprout, Wegmans, Weis Total Pet, Western Family US, White Rose, and Winn Dixie) and dog food products for a still greater number of private labels (Americas Choice,

3

Preferred Pets, Authority Award, Best Choice, Big Bet, Big Red, Bloom, Wegmans Bruiser, Cadillac, Companion, Demoulas Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Loving Meals, Meijers Main Choice, Mighty Dog Pouch, Mixables, Nutriplan, Nutro Max, Nutro Natural Choice, Nutro Ultra, Nutro, Ol'Roy Canada, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good n Meaty, Presidents Choice, Price Chopper, Priority Canada, Priority US, Publix, Roche Brothers, Save-A-Lot, Schnucks, Shep Dog, Springfield Prize, Sprout, Stater Brothers, Weis Total Pet, Western Family US, White Rose, Winn Dixie, and Your Pet).

15.     Menu Foods' recent filings with the Canadian Securities Administrators reveals that Menu Foods Income Fund, the fund controlling Menu Foods, is worth between $100,000,001.00 and $500,000,000.00.

II.

16.     Between approximately December 3, 2006 and approximately March 6, 2007, due to the failure of Menu Foods and/or its agents to exercise due care, dog and cat food manufactured by Menu Foods at its Pennsauken and Emporia locations became tainted by contaminated wheat gluten.

17.     Menu Foods' management was aware of this fact well prior to March 16, 2007, and Menu Foods took internal, but not external, action as a result.

18.     Menu Foods knew that its customers had a strong emotional attachment to their pets and would be devastated by the death and injuries that were going to result.

19.     Nevertheless, Menu Foods failed to timely advise the public of the fact of the contamination, whether through a recall or otherwise.

4

III.

20.    Ms. McGuriman is the owner of a six-year-old dog named Kirby.

21.    For the previous six years, Ms. McGuriman purchased dog food bearing the brand name Ol'Roy for her dog.

22.    This dog food was manufactured by Menu Foods at its Pennsauken location, and distributed by Menu Foods to Wal-Mart.

23.    Four weeks ago, Ms. McGuriman's dog began demonstrating symptoms of kidney failure, including extreme thirst and frequent urination.

24.    Worried, Ms. McGuriman took her dog to veterinarian Paul Wagner for diagnosis and treatment.

25.    Dr. Wagner has determined that Kirby's condition is terminal, and opined that Kirby has two months to live.

26.    To date, Dr. Wagner has charged Ms. McGuriman in excess of $260.00 for his treatment of Kirby.

IV.

27.    On Friday, March 16, 2007, Menu Foods announced a recall of 60,000,000 units of Menu Foods' dog and cat food, on the ground that they were tainted with contaminated wheat gluten.

28.    On March 19, 2007, the United States Food and Drug Administration issued a statement revealing that at least ten pets in the United States of America have died as a result of Menu Foods' tainted pet food, and that it expects this death toll to rise.

29.    Subsequently, on March 23, 2007, it was announced that rat poison had been discovered in the affected pet food.

5

## CLASS ACTION ALLEGATIONS

30.    Ms. McGuriman brings this lawsuit both individually and on behalf of all other persons similarly situated (collectively, "Class").

31.    The Class is defined as follows:

> All persons who have suffered a financial loss as a result of (a) the willful and wanton failure of Menu Foods and/or its agents to exercise due care in the manufacture of Menu Foods' dog and cat food at Menu Foods' Pennsauken, New Jersey and Emporia, Kansas plants between December 3, 2006 and March 6, 2007, and (b) the willful and wanton failure of Menu Foods to timely disclose to the public that its dog and cat food had become tainted by a contaminant.

Specifically excluded from the proposed Class is Menu Foods, its officers, directors, employees and representatives, and the Judge assigned to this matter.

32.    This action is brought and may properly be maintained as a class action pursuant to R. 4:32 because it satisfies the numerosity, typicality, adequacy, predominance, and/or superiority requirements, as follows:

- Numerosity/Impracticability of Joinder:  On information and belief, the Class consists of at least 20,000 people.  Menu Foods accounts for a substantial percentage of all private label pet food sold in the United States and New Jersey, and the recall at issue involves 60,000,000 cans of pet food.  As a result, the Class is so numerous that joinder of all members in a single action is impractical.  The disposition of these claims through the class action mechanism will provide substantial benefits to the Class.

- Commonality and Predominance:  There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only

6

individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include whether Menu Foods and/or its agents failed to exercise due care in the manufacture of the pet food at issue, whether Menu Foods knew, or was reckless in not knowing, that its pet food had become tainted by contaminated wheat gluten, whether Menu Foods' wrongful conduct resulted in ascertainable loss to the Class; and the amount and nature of disgorgement and restitution to be imposed for Menu Foods' improper conduct.

- <u>Typicality of Claims</u>: Ms. McGuriman's claims are typical of the claims of the Class because Ms. McGuriman and all Class members were injured by the same wrongful practices in which Menu Foods engaged. Ms. McGuriman's claims arise from the same practice and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories. The only difference could be the amount of damages sustained, which can be determined readily, and does not bar class certification.

- <u>Adequacy of Representation</u>: Ms. McGuriman is a representative who will fully and adequately protect the interests of the members of the Class, and has retained class counsel who is experienced and qualified in prosecuting class actions, including consumer and product defect class actions and other forms of complex litigation. Neither Ms. McGuriman's nor her attorneys have interests which are contrary to or conflicting with those of the Class.

7

- <u>Superiority/Manageability</u>: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Ms. McGuriman knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Ms. McGuriman's rights under the laws herein alleged and with respect to the Class would be proper. Menu Foods has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole.

## COUNT I

### Negligence/Gross Negligence

33.     Ms. McGuriman repeats and realleges the allegations set forth above as if fully contained herein.

34.     Menu Foods and/or its agents had a duty of reasonable care.

8

35. Menu Foods and/or its agents breached its duty in the foregoing manner, and with a willful and wanton disregard for the results of their conduct.

36. As a direct and proximate result of the foregoing breach of duty, Ms. McGuriman and the Class suffered ascertainable damages.

## COUNT II

### Violations of New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1 et seq.)

37. The foregoing paragraphs are incorporated herein as if set forth fully at length.

38. Ms. McGuriman repeats and realleges the allegations set forth above as if fully contained herein.

39. Ms. McGuriman, the Class members, and Menu Foods are persons within the meaning of the CFA.

40. At all relevant times material hereto, Menu Foods conducted trade and commerce within the meaning of the CFA.

41. In connection with marketing and selling its pet food, Menu Foods used misrepresentations, deception, fraud, false pretense, concealment, suppression, and omission of material fact with the intent that Ms. McGuriman and the Class members rely upon such conduct.

42. Had Menu Foods timely disclosed the material information at issue regarding the wheat gluten to Ms. McGuriman and Class members, those individuals would not have purchased the pet food, and would not have suffered the financial losses described herein.

43. Menu Foods, however, deemed it to be in its best interest to not disclose the information at issue, in the hopes that it would not be discovered by the public.

44. The practices of Menu Foods violate the CFA.

9

45.     Menu Foods' unlawful conduct occurred in the United States and in New Jersey to the detriment and injury of Ms. McGuriman and Class members in the United States and New Jersey.

46.     The foregoing acts, omissions and practices proximately caused the Ms. McGuriman and members of the Class to suffer ascertainable loss and to otherwise be damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. McGuriman prays for judgment against Menu Foods as follows on behalf of themselves and all Class members:

A.     For an order certifying that this action may be maintained as a class action, appointing Ms. McGuriman and her counsel to represent the Class, and directing that reasonable notice of this action be given by Menu Foods to Class members;

B.     For an order directing disgorgement or restitution of all improperly collected charges and interest obtained;

C.     For general damages to be proven at the time of trial, including, but not limited to, reimbursement of (a) the purchase price of the pet food in question, (b) veterinarian's fees expended, (c) burial expenses, (d) the cost of a replacement pet, (e) incidental expenses, such as travel expenses, and such other relief as is just and proper in the circumstances presented.

D.     For treble and statutory damages;

E.     For punitive damages;

F.     For an award of costs and expenses incurred in this action;

G.     For reasonable attorneys' fees as provided by law and statute;

H.     For pre- and post-judgment interest as provided by law in amount according to proof at trial; and,

10

I.     For such other and further relief as the Court may deem necessary and proper.

Dated: <u>Monday, March 26, 2007</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
       Alan C. Milstein

- and -

MEREDITH, COHEN,
GREENFOGEL & SKIRNICK, P.C.
By:    Daniel B. Allanoff

## JURY DEMAND

Ms. McGuriman and the Class hereby demand a trial by jury of all issues so triable.

Dated: <u>Monday, March 26, 2007</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
     Alan C. Milstein

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of <u>R.</u> 4:25-4, the Court is advised that Alan C. Milstein and

Daniel B. Allanoff are hereby designated as trial counsel.

Dated: <u>Monday, March 26, 2007</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
     Alan C. Milstein

## CERTIFICATE REGARDING OTHER PROCEEDINGS AND PARTIES

We certify in accordance with <u>R.</u> 4:5-1 that there are no other proceedings either pending

or contemplated with respect to the matter in controversy in this action and no other parties who

should be joined in this action.

11

Dated: <u>Monday, March 26, 2007</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____

Alan C. Milstein

## NOTICE TO ATTORNEY GENERAL

The undersigned attorney will serve a copy of this Complaint upon the Office of the Attorney General for the State of New Jersey, as required by the CFA, within ten (10) days of the filing of this Complaint.

Dated: <u>Monday, March 26, 2007</u>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____

Alan C. Milstein

12

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed or
if attorney's signature is not affixed.**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: CK ☐ CG ☐ CA ☐

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Alan C. Milstein, Esquire | (856) 662-0700 | CAMDEN |

FIRM NAME (if applicable)

Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.

DOCKET NUMBER (When available)

**-1548  07**

OFFICE ADDRESS

Fairway Corporate Center, 4300 Haddonfield Road, Suite 311,
Pennsauken, NJ 08109

DOCUMENT TYPE

COMPLAINT

JURY DEMAND ☒ YES ☐ NO

FILED MAR 20 2007 CAMDEN COUNTY SUPERIOR COURT

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Plaintiff Judy McGuriman, individually and on behalf of all others similarly situated | Judy McGuriman, individually and on behalf of all others similarly situated, Plaintiffs, v. Menu Foods, Limited, t/a Menu Foods, Defendant |

CASE TYPE NUMBER
(See reverse side for listing)

699

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN

☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO

IF YES, IS THAT RELATIONSHIP

☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)
☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO

IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE:

Revised effective 09/2006, CN10517

 

| SIDE 2 | | CIVIL CASE INFORMATION STATEMENT |
|---|---|---|

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 271 | ACCUTANE |
| 241 | TOBACCO | 272 | BEXTRA/CELEBREX |
| 248 | CIBA GEIGY | 274 | RISPERDAL/SEROQUEL/ZYPREXA |
| 264 | PPA | 601 | ASBESTOS |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 619 | VIOXX |
| 268 | MANUFACTURED GAS PLANT (MGP) | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

NEW JERSEY STATE BAR ASSOCIATION
LAWYER REFERRAL SERVICE:  New Jersey (toll free):  (800) 367-0089

### LAWYER REFERRAL:

| | |
|---|---|
| ATLANTIC COUNTY: | (609) 345-3444 |
| BERGEN COUNTY: | (201) 488-0044 |
| BURLINGTON COUNTY: | (609) 261-4862 |
| CAMDEN COUNTY: | (856) 964 4520 |
| CAPE MAY COUNTY: | (609) 463-0313 |
| CUMBERLAND COUNTY: | (856) 692-6207 |
| ESSEX COUNTY: | (973) 622-7753 |
| GLOUCESTER COUNTY: | (856) 848-4589 |
| HUDSON COUNTY: | (201) 798-2727 |
| HUNTERDON COUNTY: | (908) 735-2611 |
| MERCER COUNTY: | (609) 585-6200 |
| MIDDLESEX COUNTY: | (732) 828-0053 |
| MONMOUTH COUNTY: | (732) 431 5544 |
| MORRIS/SUSSEX/WARREN COUNTY: | (973) 267-5882 |
| ESSEX COUNTY: | (973) 622 7753 |

### CANNOT AFFORD LAWYER:

| | |
|---|---|
| ATLANTIC COUNTY: | (609) 348 4208 |
| BURLINGTON COUNTY: | (609) 261-1088 |
| CAMDEN COUNTY: | (856) 964-2010 |
| CAPE MAY COUNTY: | (609) 465-3001 |
| CUMBERLAND COUNTY: | (856) 451-0003 |
| ESSEX COUNTY: | (973) 622-1513 |
| GLOUCESTER COUNTY: | (856) 848-5360 |
| HUDSON COUNTY: | (201) 792-6363 |
| HUNTERDON COUNTY: | (908) 782-7979 |
| MERCER COUNTY: | (609) 695 6249 |
| MIDDLESEX COUNTY: | (732) 249-7600 |
| MONMOUTH COUNTY | (732) 866-0020 |
| MORRIS COUNTY: | (973)285-6911 |
| OCEAN COUNTY: | (732) 240-3666 |
| PASSAIC COUNTY: | (973) 278-9223 |
| SALEM COUNTY: | (856) 935-5629 |
| SOMERSET COUNTY: | (908) 685-2323 |
| UNION COUNTY: | (908) 353-4715 |

CAMDEN COUNTY
SUPERIOR COURT
HALL OF JUSTICE
CAMDEN                           NJ 08103

COURT TELEPHONE NO. (856) 379-2200
COURT HOURS                                           TRACK ASSIGNMENT NOTICE

                                  DATE:    MARCH 22, 2007
                                  RE:      MCGURIMAN VS MENU FOODS
                                  DOCKET:  CAM L -001548 07

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON ROBERT G. MILLENKY

AT:
     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     202
     (856) 379-2200 EXT 3060.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                                  ATTENTION:

                                  ATT: ALAN C. MILSTEIN
                                  SHERMAN SILVERSTEIN KOHL R & P
                                  4300 HADDONFIELD RD
                                  SUITE 311
                                  PENNSAUKEN          NJ 08109

JUABP

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By: Alan C. Milstein
By: John M. Hanamirian
Fairway Corporate Center
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
Telephone: 856-662-0700
Facsimile: 856-488-4744
     - and -
MEREDITH, COHEN, GREENFOGEL & SKIRNICK, P.C.
By: Daniel B. Allanoff
Architects Building
22nd Floor
17th and Sansom Streets
Philadelphia, PA 19103
Telephone: 212-240-0020
Facsimile: 215-569-0958
*Attorneys for the Plaintiff, and the Class*

FILED

MAR 20 2007

CAMDEN COUNTY SUPERIOR COURT

|  |  |
|---|---|
| JUDY McGURIMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MENU FOODS LIMITED, t/a MENU FOODS,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO.: L -1548 07 |

## CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Judy McGuriman, individually and on behalf of all others similarly situated, by and through her chosen attorney, Alan C. Milstein of Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of Complaint against defendant Menu Foods Limited, t/a Menu Foods ("Menu Foods"), hereby says, states, and avers as follows:

### THE PARTIES

1.    Ms. McGuriman is an individual with a residence address at 616 Wimbledon Lane, Hatfield, PA 19440.

2.      The remaining class members are numerous dog and cat owners with residence addresses throughout the United States of America.

3.      Menu Foods is a Canadian business entity with a principal place of business in Canada at 8 Falconer Drive, Streetsville, Ontario L5N 1B1 and a principal place of business in North America at 9130 Griffith Morgan Lane, Pennsauken, NJ 08110-3211.

4.      Most of the products manufactured by Menu Foods that are destined for the United States market are manufactured at its Pennsauken location.

5.      Some products are also manufactured at Menu Foods' Emporia, Kansas and North Sioux City, South Dakota locations.

**VENUE**

6.      Venue is proper in Camden County because the cause of action pled herein arose in Camden County, and Menu Foods is a resident of Camden County, among other reasons.  See R. 4:3-2.

**ALLEGATIONS COMMON TO ALL COUNTS**

I.

7.      Very recently, Menu Foods took down the majority of the content on its Internet web site, including content regarding its locations and the value of the "Menu Foods Income Fund," the investment fund that holds a controlling interest in Menu Foods.

8.      Nevertheless, through the use of the "Internet Wayback Machine," located at http://www.archive.org, important information regarding Menu Foods has been located.

9.      According to Menu Foods' archived web site, it is "the leading North American private-label/contract manufacturer of wet pet food products sold by supermarket retailers, mass

2

merchandisers, pet specialty retailers and other retail and wholesale outlets" and further claims that it "currently produces more than one billion containers per year."

10.    Also according to Menu Foods' archived web site, Menu Foods' management has enacted a "Code of Ethical Conduct," providing, among other things, that "We are committed to full and honest communications with our customers about Menu's products and services."

11.    As Menu Foods' current web site reveals, it presently manufacturers cat food products for a great number of private labels (Americas Choice, Preferred Pets, Authority, Best Choice, Companion, Compliments, Demoulas Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Foodtown, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, Presidents Choice, Price Chopper, Priority US, Save-A-Lot, Schnucks, Science Diet Feline Savory Cuts, Sophistacat, Special Kitty Canada, Special Kitty US, Springfield Prize, Sprout, Wegmans, Weis Total Pet, Western Family US, White Rose, and Winn Dixie) and dog food products for a still greater number of private labels (Americas Choice, Preferred Pets, Authority Award, Best Choice, Big Bet, Big Red, Bloom, Wegmans Bruiser, Cadillac, Companion, Demoulas Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Loving Meals, Meijers Main Choice, Mighty Dog Pouch, Mixables, Nutriplan, Nutro Max, Nutro Natural Choice, Nutro Ultra, Nutro, Ol'Roy Canada, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good n Meaty, Presidents Choice, Price Chopper, Priority Canada, Priority US, Publix, Roche Brothers, Save-A-Lot, Schnucks, Shep Dog, Springsfield Prize, Sprout, Stater Brothers, Weis Total Pet, Western Family US, White Rose, Winn Dixie, and Your Pet).

3

12.     Menu Foods' recent filings with the Canadian Securities Administrators reveals that the fund controlling Menu Foods is worth between $100,000,001.00 and $500,000,000.00.

II.

13.     Between December 3, 2006 and March 6, 2007, due to the failure of Menu Foods and/or its agents to exercise due care, dog and cat food manufactured by Menu Foods at its Pennsauken and Emporia locations became tainted by contaminated wheat gluten.

14.     Menu Foods' management was aware of this fact well prior to March 16, 2007, and Menu Foods took internal, but not external, action as a result.

15.     Menu Foods knew that its customers had a strong emotional attachment to their pets and would be devastated by the death and injuries that were going to result.

16.     Nevertheless, Menu Foods failed to timely advise the public of the fact of the contamination, whether through a recall or otherwise.

III.

17.     For the previous six years, Ms. McGuriman purchased dog food bearing the brand name Ol'Roy for her dog.

18.     This dog food was manufactured by Menu Foods at its Pennsauken location, and distributed by Menu Foods to Wal-Mart.

19.     Four weeks ago, Ms. McGuriman's dog began demonstrating symptoms of kidney failure, including extreme thirst and frequent urination.

20.     Worried, Ms. McGuriman took her dog to veterinarian Paul Wagner for diagnosis and treatment, which is ongoing.

21.     To date, Dr. Wagner has charged Mrs. McGuriman a total of $260.00 for his treatment of Ms. McGuriman's dog.

4

IV.

22.    On Friday, March 16, 2007, Menu Foods announced a recall of 60,000,000 units of Menu Foods' dog and cat food, on the ground that they were tainted with contaminated wheat gluten.

23.    On March 19, 2007, the United States Food and Drug Administration issued a statement revealing that at least ten pets in the United States of America have died as a result of Menu Foods' tainted pet food, and that it expects this death toll to rise.

## CLASS ACTION ALLEGATIONS

24.    Ms. McGuriman brings this lawsuit both individually and on behalf of all other persons similarly situated (collectively, "Class").

25.    The Class is defined as follows:

> All persons who have suffered a financial loss as a result of (a) the willful and wanton failure of Menu Foods and/or its agents to exercise due care in the manufacture of Menu Foods' dog and cat food at Menu Foods' Pennsauken, New Jersey and Emporia, Kansas plants between December 3, 2006 and March 6, 2007, and (b) the willful and wanton failure of Menu Foods to timely disclose to the public that its dog and cat food had become tainted by contaminated wheat gluten.

Specifically excluded from the proposed Class is Menu Foods, its officers, directors, employees and representatives, and the Judge assigned to this matter.

26.    This action is brought and may properly be maintained as a class action pursuant to R. 4:32 because it satisfies the numerosity, typicality, adequacy, predominance, and/or superiority requirements, as follows:

- Numerosity/Impracticability of Joinder: On information and belief, the Class consists of at least 20,0000 people. Menu Foods accounts for a substantial percentage of all

5

private label pet food sold in the United States and New Jersey, and the recall at issue involves 60,000,000 cans of pet food. As a result, the Class is so numerous that joinder of all members in a single action is impractical. The disposition of these claims through the class action mechanism will provide substantial benefits to the Class.

- Commonality and Predominance: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include whether Menu Foods and/or its agents failed to exercise due care in the manufacture of the pet food at issue, whether Menu Foods knew, or was reckless in not knowing, that its pet food had become tainted by contaminated wheat gluten, whether Menu Foods' wrongful conduct resulted in ascertainable loss to the Class; and the amount and nature of disgorgement and restitution to be imposed for Menu Foods' improper conduct.

- Typicality of Claims: Ms. McGuriman's claims are typical of the claims of the Class because Ms. McGuriman and all Class members were injured by the same wrongful practices in which Menu Foods engaged. Ms. McGuriman's claims arise from the same practice and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories. The only difference could be the amount of damages sustained, which can be determined readily, and does not bar class certification.

6

- <u>Adequacy of Representation</u>: Ms. McGuriman is a representative who will fully and adequately protect the interests of the members of the Class, and has retained class counsel who is experienced and qualified in prosecuting class actions, including consumer and product defect class actions and other forms of complex litigation. Neither Ms. McGuriman's nor her attorneys have interests which are contrary to or conflicting with those of the Class.

- <u>Superiority/Manageability</u>: A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Ms. McGuriman knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Ms. McGuriman's rights under the laws herein alleged and with respect to the Class would be proper. Menu Foods has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole.

7

## COUNT I

### Negligence/Gross Negligence

27.     Ms. McGuriman repeats and realleges the allegations set forth above as if fully contained herein.

28.     Menu Foods and/or its agents had a duty of reasonable care.

29.     Menu Foods and/or its agents breached its duty in the foregoing manner, and with a willful and wanton disregard for the results of their conduct.

30.     As a direct and proximate result of the foregoing breach of duty, Ms. McGuriman and the Class suffered ascertainable damages.

## COUNT II

### Violations of New Jersey Consumer Fraud Act (N.J.S.A. § 56:8-1 et seq.)

31.     The foregoing paragraphs are incorporated herein as if set forth fully at length.

32.     Ms. McGuriman repeats and realleges the allegations set forth above as if fully contained herein.

33.     Ms. McGuriman, the Class members, and Menu Foods are persons within the meaning of the CFA.

34.     At all relevant times material hereto, Menu Foods conducted trade and commerce within the meaning of the CFA.

35.     In connection with marketing and selling its pet food, Menu Foods used misrepresentations, deception, fraud, false pretense, concealment, suppression, and omission of material fact with the intent that Ms. McGuriman and the Class members rely upon such conduct.

8

36.　Had Menu Foods timely disclosed the material information at issue regarding the wheat gluten to Ms. McGuriman and Class members, those individuals would not have purchased the pet food, and would not have suffered the financial losses described herein.

37.　Menu Foods, however, deemed it to be in its best interest to not disclose the information at issue, in the hopes that it would not be discovered by the public.

38.　The practices of Menu Foods violate the CFA.

39.　Menu Foods' unlawful conduct occurred in the United States and in New Jersey to the detriment and injury of Ms. McGuriman and Class members in the United States and New Jersey.

40.　The foregoing acts, omissions and practices proximately caused the Ms. McGuriman and members of the Class to suffer ascertainable loss and to otherwise be damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. McGuriman prays for judgment against Menu Foods as follows on behalf of themselves and all Class members:

A.　For an order certifying that this action may be maintained as a class action, appointing Ms. McGuriman and her counsel to represent the Class, and directing that reasonable notice of this action be given by Menu Foods to Class members;

B.　For an order directing disgorgement or restitution of all improperly collected charges and interest obtained;

C.　For general damages to be proven at the time of trial, including, but not limited to, reimbursement of (a) the purchase price of the pet food in question, (b) veterinarian's fees expended, (c) burial expenses, (d) the cost of a replacement pet, (e) incidental expenses, such as travel expenses; and such other relief as is just and proper in the circumstances presented.

9

D.      For treble and statutory damages;

E.      For punitive damages;

F.      For an award of costs and expenses incurred in this action;

G.      For reasonable attorneys' fees as provided by law and statute;

H.      For pre- and post-judgment interest as provided by law in amount according to proof at trial; and,

I.      For such other and further relief as the Court may deem necessary and proper.

Dated: <u>Tuesday, March 20, 2007</u>

     SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

     By: _____
         Alan C. Milstein

     *- and -*

     MEREDITH, COHEN, GREENFOGEL & SKIRNICK, P.C.
     By:     Daniel B. Allanoff

## JURY DEMAND

Ms. McGuriman and the Class hereby demand a trial by jury of all issues so triable.

Dated: <u>Tuesday, March 20, 2007</u>

     SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

     By: _____
         Alan C. Milstein

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of <u>R.</u> 4:25-4, the Court is advised that Alan C. Milstein and Daniel B. Allanoff are hereby designated as trial counsel.

10

Dated: Tuesday, March 20, 2007      SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
Alan C. Milstein

## CERTIFICATE REGARDING OTHER PROCEEDINGS AND PARTIES

We certify in accordance with R. 4:5-1 that there are no other proceedings either pending or contemplated with respect to the matter in controversy in this action and no other parties who should be joined in this action.

Dated: Tuesday, March 20, 2007      SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
Alan C. Milstein

## NOTICE TO ATTORNEY GENERAL

The undersigned attorney will serve a copy of this Complaint upon the Office of the Attorney General for the State of New Jersey, as required by the CFA, within ten (10) days of the filing of this Complaint.

Dated: Tuesday, March 20, 2007      SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _____
Alan C. Milstein

11

Arrow

ORIG. ID: TTNA
FROM: Margaret Phillips (609) 538-1818
CT - Trenton SOP Team
820 Bear Tavern Road
3rd Floor
West Trenton, NJ 08628 (US)

**1 OF 1**

TO: **Mark Wiens (905) 826-3870**
**Menu Foods, Inc.**
**8 Falconer Drive**

: NO EEI 30.36

CAD # 8278298
SHIP DATE: 12APR07
WEIGHT: 1.0 LB

**Streetsville, ON L5N1B1 CANADA (CA)**
DESCRIPTION
Legal Documents

CTRY MFG
US

CUSTOMS VALUE: 1.00 USD
CARRIAGE VALUE: .00 USD
BILL T/C: S 008606749
BILL D/T: S

REF: SOP/0421900/512126063/Margaret Phillips
SIGNATURE: Margaret Phillips

**INTL ECON ENVELOPE**

**YYZ**

**TRK # 7907 1503 9102**    FORM
0430

# S2 YIBA

**A2**

**L5N1B1**    -ON-CA



These commodities, technology, or software were exported from the United States in accordance with the
Export Administration regulations. Diversion contrary to U.S. Law prohibited.
The Warsaw Convention may apply and will govern and in most cases limit the liability of FEDERAL EXPRESS for loss or
delay of or damage to your shipment, subject to the conditions of the contract on the bottom of this document.
—————————— Fold here. Place in FedEx International air waybill pouch. ——————————
Place 2 copies (Consignee, Manifest/billing) of this multipage waybill in pouch.

CLS022307